IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GLORIA A. BUNCH                                                      PLAINTIFF

v.                             Case No. 4:11-cv-00869-KGB

UNIVERSITY OF ARKANSAS
BOARD OF TRUSTEES                                                    DEFENDANT

## ORDER

On November 26, 2012, the Court *via telephone* conducted a hearing regarding plaintiff

Gloria A. Bunch's *pro se* motion to stay her case indefinitely (Dkt. No. 34) and on defendant

University of Arkansas Board of Trustees' objection to Ms. Bunch's request (Dkt. No. 36).

Those present at the hearing were Ms. Bunch proceeding *pro se* and Ms. Joann Maxey on behalf

of the University of Arkansas Board of Trustees.  The Court made an oral ruling at the hearing,

and the Court now memorializes that oral ruling in writing.

The Court will not rule on Ms. Bunch's *pro* se motion to stay her case indefinitely at this

time.  The Court takes that request under advisement and instead stays this case for 45 days from

the date of the hearing, with the exception that during this 45-day period limited discovery may

proceed in that the University of Arkansas Board of Trustees may propound no more than five

written discovery requests on Ms. Bunch pertaining to the HIPAA matters identified by the

University of Arkansas Board of Trustees.  The Court grants the University of Arkansas Board of

Trustees' oral motion for this limited discovery.  Except for this limited discovery, all other

discovery and other matters in this case are stayed for the 45-day period.

The Court directs the University of Arkansas Board of Trustees to file with the Clerk of

Court and to serve this limited written discovery on Ms. Bunch.  Ms. Bunch is directed to object

or respond to the propounded discovery requests in a timely manner, in accordance with the Federal Rules of Civil Procedure.

The Court also directs Ms. Bunch's attention to Local Rule 5.5(c)(2).  Pursuant to Local Rule 5.5 (c)(2), it is the duty of any party not represented by counsel to notify promptly the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.

Ms. Bunch raised orally during the hearing the issue of appointment of counsel.  The Court notes that Ms. Bunch previously filed a motion requesting the appointment of counsel (Dkt. No. 3) and that the Court denied her request "without prejudice to reconsideration at a later date" (Dkt. No. 8).  To date, this Court has not been presented with sufficient information that circumstances have changed to warrant revisiting this ruling.  However, Ms. Bunch may renew her motion for appointment of counsel setting forth changed circumstances at any time.  If she does so, this Court will consider and rule on her request.

During the 45-day period the stay is in effect, Ms. Bunch and the University of Arkansas Board of Trustees are directed to file with the Clerk of Court and serve on the other party or counsel for the other party any items or pleadings addressing any matters the parties would like the Court to consider regarding the pending motion for indefinite stay and objection to that request.  During the 45-day period, the Court will conduct a telephone hearing regarding the continued status of the case.  The Court will set the date and time of this hearing by separate Order.

The Clerk is DIRECTED to send a copy of this Order to Ms. Bunch at her address of record by certified mail, return receipt requested.

IT IS SO ORDERED this 27 day of November, 2012.


Kristine G. Baker
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE