# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**GLORIA A. BUNCH**                                                    **PLAINTIFF**

v.                                **No. 4:11-cv-869-DPM**

**UNIVERSITY OF ARKANSAS**
**BOARD OF TRUSTEES, A Body**
**Politic and Corporate**                                    **DEFENDANT**

## ORDER

UAMS fired Ms. Bunch a few months after she started working there. Bunch sued the University of Arkansas Board of Trustees, alleging that discrimination and retaliation caused her job loss. This Court—Judge Baker presiding—eventually granted summary judgment to the Board, № 161, and entered final judgment. That was in the spring of 2016. Bunch appealed. The Court of Appeals affirmed. 863 F.3d 1062 (8th Cir. 2017). That was in July 2017. Citing various provisions of Federal Rule 60, Bunch now moves to vacate this Court's judgment. She says that Judge Baker had a conflict of interest because her husband had connections to UAMS. Bunch also says that several of the lawyers appointed to represent her did too. All this, Bunch continues, adds up to fraud on the Court, requiring that the judgment be set aside. Bunch's redacted motion and motion, № 178 & 179, are denied for several reasons.

First, Bunch could have raised the points that she now makes sooner, but did not. This case was pending here for more than four years. The appeal took another year. The biographical materials Bunch attaches to her motion are from the internet and other public sources. It is not reasonable for Bunch to have waited until now, when the case is done, to seek relief on this basis. FED. R. CIV. P. 60(c)(1); *compare Middleton v. McDonald*, 388 F.3d 614, 617–18 (8th Cir. 2004).

Second, and more importantly, Bunch has not shown that Judge Baker had any conflict of interest. Her husband practices law at Mitchell Williams, a big firm based in Little Rock. Bunch's new materials do not establish that Judge Baker's husband has any connection with UAMS. The materials show that other current and former members of the law firm have various UAMS connections. Some examples. A lawyer left the firm to work for UAMS. A current firm lawyer used to work there. One of the firm's senior lawyers taught an environmental law course for the hospital. And several firm lawyers are, or have been, involved in groups that support UAMS. So, some Mitchell Williams lawyers have ties to UAMS, but Judge Baker's husband does not.

Third, the circumstances about some of Bunch's appointed lawyers are similar. One of those lawyers was a "special guest" at a UAMS Board meeting, and a member of his law firm was chair of a UAMS advisory board. Bunch says that this lawyer was really working

against her, and for UAMS, as part of a court-directed effort against Bunch. The circumstances, though, don't establish any such plot. And Judge Baker addressed the falling out between this lawyer and Bunch when it happened. № 134.

Fourth, this record does not show any fraud on the Court. Bunch hasn't demonstrated that it would be "manifestly unconscionable to allow the judgment to stand." *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 878 (8th Cir. 2010) (quotation omitted). The Court understands that Bunch believes she was treated unfairly in her job and should have won her case. But the circumstances she now argues do not justify re-opening her dispute with UAMS.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

13 December 2017